UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON L. JONES,

    Plaintiff,

    v.

WEXFORD MEDICAL, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-552-JD-MGG

OPINION AND ORDER

Brandon L. Jones, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Jones alleges that he began suffering pain in the lower back and upper right leg in November 2017, and he collapsed in his dormitory at the Westville Correctional Facility. He was diagnosed with sciatica and received a "three-in-one" shot, which included steroids and acted to relieve pain and reduce inflammation. Less than a month later, the pain caused him to collapse on a sidewalk. Dr. Jackson administered another shot, observed Jones in the infirmary for four days, but did not

consider other treatment. In February 2018, medical staff told him that they would not refill his pain medication but instructed him to order it from the commissary, even though commissary orders for pain medication took two weeks to process. When Jones submitted grievances about the inadequate treatment, John Harvil told him that medical staff had informed him that he had refused care. Jones also wrote departmental officials, including D. Lewis, the health care administrator, about his inadequate treatment. Jones seeks money damages and injunctive relief for proper treatment.

Jones asserts an Eighth Amendment claim of deliberate indifference to serious medical needs. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Jones asserts a plausible Eighth Amendment claim against Dr. Jackson and D. Lewis.

Jones also names the Indiana Department of Correction, Dr. Liaw, and Harvil as defendants. The Eleventh Amendment bars "a suit by a citizen against the citizen's own

2

State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Further, though Jones lists the Dr. Liaw as a defendant, he does not mention him in the narrative portion of the complaint. "[L]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Jones does not describe how Dr. Liaw was personally involved with his claim, he cannot proceed against Dr. Liaw. Further, Jones cannot proceed against Harvil because "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, these defendants will be dismissed.

Jones also asserts an Eighth Amendment claim of deliberate indifference to a serious medical need against Wexford Medical. Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

3

The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). While Jones describes various policies or practices, he does not describe a policy or practice that caused inadequate treatment for his sciatic nerve condition. As a result, Jones cannot proceed against Wexford Medical.

Finally, Jones seeks injunctive relief for the proper treatment for his sciatic nerve condition. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment for the sciatic nerve condition as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Further, the Warden of the Westville Correctional Facility, has both the authority and the responsibility to ensure that Jones receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will add the Warden in his official capacity for purposes of the injunctive relief claim.

For these reasons, the court:

(1) GRANTS Brandon L. Jones leave to proceed on an Eighth Amendment claim for money damages against Dr. Jackson and D. Lewis for acting with deliberate indifference to serious medical needs in relation to his sciatic nerve condition;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility as a defendant;

(3) GRANTS Brandon L. Jones leave to proceed on an injunctive relief claim against the Warden of the Westville Correctional Facility in his official capacity to obtain treatment for his sciatic nerve condition as required by the Eighth Amendment;

(4) DISMISSES Wexford Medical, the Indiana Department of Correction, John R. Harvil, and Dr. Liaw;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Jackson, D. Lewis, and the Warden of the Westville Correctional Facility, at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Jackson, D. Lewis, and the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Brandon L. Jones, has been granted leave to proceed in this screening order.

SO ORDERED on July 26, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT